Judge Cabell
delivered the opinion of the Court.
Thurman having obtained a judgment on a forfeited forthcoming bond against Hartwell Eppes and Samuel Jordan, Eppes obtained an injunction thereto from the Chancellor of the Lynchburg District. The injunction was dissolved and the bill dismissed. Eppes was allowed by the Court of Chancery an appeal to this Court, on his executing an appeal bond in the penalty of 200 dollars, with Samuel Jordan as his surety. The condition of the appeal bond, after reciting the deeree, the appeal, &e. is as follows: “Now, if the said Hartwell Eppes shall prosecute the said appeal with effect, or shall perform the same, and well and truly pay all such damages and costs as shall be awarded against him by the Court of Appeals, in case the said decree shall be affirmed, then the above obligation to be void, or else to remain in full force and virtue.”
*385 A rule has been given by Thurman to Eppes to shew cause why he should not give other security for prosecuting the appeal; and it is contended that such securitj? ought to be given on two grounds; 1st, that in a case like this, (an appeal frofh the dissolution of an injunction, and dis-mission of the bill,) security should be given for payment of the judgment injoined; and 2d, that the surety to the appeal bond in this case is insufficient.
The first question depends on the sound construction of the 50th and 51 st sections of the 66th chapter of the 1 st vol of the Revised Code, page 206. The 51st section directs, that appeals from the Courts of Chancery to the Court of Appeals, shall be granted in like manner, and under like regulations, as appeals are granted from the County Courts to the Court of Chancery, by the 50th section. ' That 50th section prescribes, that in case of appeals from the County Courts,'bonds shall be given “ in a reasonable penalty, with condition to satisfy and pay the amount recovered in the County Court aforesaid, and all'costs, and to perform in all things the said decree, or final order,- in case the same shall be affirmed.”' The bond thus to be given, is to have respect to what the appellant was bound to do, or what was recovered from him, by the decree of the Court appealed from. •
In the ease before us, there was nothing in the decree of the Chancellor which bound the appellant to pay the judgment at law. There was nothing recovered from him but costs. The appellant had a right to appeal, on the terms which are prescribed by law. The Court of Chancery' could not add to those terms; and much less can this Court, after an appeal has been regularly allowed, destroy the right thus perfected, by exacting terms unknown to the law. We cannot, therefore, require the appellant to give security to pay the judgment at law that was injoined in this case.
But, the Court is of opinion that Samuel Jordan is not a sufficient surety, and that the appeal should be diinissed, unless some other sufficient security be given.