VERMILLYEA and others *vs.* ODELL and others.

Proofs cannot regularly be taken as to one of the defendants in a cause, to
whose answer a replication has been filed, until the answers of the other
defendants have been put in, or the bill has been taken as confessed a-
gainst them.

Where a cause is at issue as to one of the defendants, by the filing of a repli-
cation to his answer, and the complainant has neglected to proceed against
the other parties, so that such defendant cannot proceed to examine wit-
nesses and close the proofs, he may move to dismiss the complainant's bill
for want of prosecution.

Where the complainant files a replication to the answer after he is apprized
of the necessity of an amendment of his bill, he precludes himself from
making such amendment.

**122**

1833.

Vermillyea
v.
Odell:

In a case where a special application to the court for leave to make the a-mendment is necessary, the complainant should obtain an order to extend the time for filing the replication, until after the decision of the court upon the application to amend.

July 16. THIS was an appeal from a decision of the vice chancellor of the first circuit, dismissing the complainants' bill as to the defendant M. Mitchell, and refusing leave to amend the bill, both as to him and other defendants.

*J. Tallmadge*, for the complainants.

*W. Silliman*, for the defendants.

THE CHANCELLOR. The cause was not in a situation to proceed to the taking of proofs as to the defendant Mitchell, until the answers of the other defendants had been put in, or the complainants had procured the bill to be taken as confessed against them. By the former practice of the court it was frequently necessary for the defendant, in nearly every stage of the suit, to expedite the proceedings of a tardy complainant, by an application to dismiss his bill for want of prosecution. The evils of this practice were remedied to some extent by the new rules, which permitted the defendant to proceed with the cause, in certain stages of the suit, as well as the complainant; and by depriving the latter of particular privileges, on his neglecting to take certain steps in the cause within the time allowed by the rules of the court. There are, however, several cases in which it still becomes necessary for a defendant to apply to dismiss the bill, for the purpose of speeding the cause. One of those cases is where the cause stands for hearing on bill and answer as to some of the defendants, and where the complainant has neglected to procure the answer of other defendants; so that the cause is not in readiness for hearing as against them. In that case, as the defendants who have answered cannot notice the cause for hearing on bill and answer, as to themselves, until it is ready for a hearing as to the other defendants, they are now permitted to apply to speed the cause; and even put an end to the suit, unless the complainant can furnish some reasonable ex-

1833.

Vermillyea
v.
Odell.

cuse for the previous delay in his proceedings. The principle of the rule is also applicable to the present case ; where, by a similar neglect on the part of the complainant, a defendant to whose answer a replication has been filed, is unable to proceed and close the proofs in the cause. The vice chancellor was therefore right in dismissing the bill as against the defendant Mitchell for want of prosecution, unless the complainants had shown an excuse for their delay in proceeding against the other defendants, and that they ought to be permitted to amend their bill upon the usual terms of paying the costs of the application to dismiss.

I do not understand the vice chancellor to have decided that a sworn bill could not be amended. He says the motion cannot be granted, because it is a sworn bill, and the complainants have not brought themselves within the rule as laid down by this court in the cases of *Rogers* v. *Rogers*, (1 *Paige's R.* 424,) and *Whitmarsh* v. *Campbell*, (2 *Id.* 67.) By this he undoubtedly meant that no sufficient excuse had been given for not applying for these amendments when it was first discovered that they would be necessary ; which must have been as early as February, 1832, when Mitchell's answer was put in. In this he was unquestionably right, as no excuse was given for the neglect to apply before. Besides, the complainants had precluded themselves from making an amendment, by filing a replication to the answer of Mitchell after they were fully apprized of the necessity of an amendment of their bill. In such a case, instead of filing a replication, which is wholly inconsistent with the idea of an amendment of the bill, they should have applied for an order to extend the time for putting in the replication until after the decision of the motion for leave to amend.

The order of the vice chancellor must therefore be affirmed, with costs, to be paid to the defendant Mitchell. But without prejudice to the right of the complainants to apply to the vice chancellor for leave to dismiss the bill, as against the defendant Harris, without costs. As to any of the other defendants who have been served with process, and have appeared, the complainants are at liberty, of course, to dismiss

their bill upon payment of the necessary costs of those defend-ants; and also to dismiss it without costs, as to any of the defendants who have not appeared.