Sept. 1839.

Hastings
v.
Palmer
and others.

## HASTINGS *vs.* PALMER and others.

When a cause stands for hearing on bill and answer, as to defendants who have answered, if the complainant does not use due diligence in proceeding against the other defendants, those who have perfected their answers may move to dismiss the bill for want of prosecution.

And a proper excuse for the want of diligence in not proceeding against the other defendant, is the only proper answer to such application.

The reason of the rule is also applicable to the case where replications are filed to the answer of the defendants, who have put in their answers.

The functions of the Circuit Judge of the 8th circuit, as Vice Chacellor, expired on the 1st of May, 1839, and no decision could properly be expected from him, of any question pending before him after that time.

Creditors' bills to set aside assignments as fraudulent, are not governed wholly by the statute providing for the filing of bills to reach equitable assets.

An injunction will not necessarily be dissolved upon an answer denying fraud in an assignment, unless the whole facts appear to enable the court to judge of the fraud.

THE answer of the defendants who move in this cause was put in, and a replication filed thereto in Nov. 1838. The complainant's bill was amended in Nov. 1837, by making Thomas Bates a party defendant. The complainant had taken no steps to procure the answer of Bates, or to take his bill as confessed against him. After the defendants who had answered had put in their answer, they moved to dissolve the injunction issued upon filing the bill before the circuit judge, late Vice Chancellor, which motion was argued, but no decision was made thereon. The defendants who have answered, now move for a dismissal of the bill for want of prosecution against Bates, or for a dissolution of the injunction. The excuse given by the complainant for not pro-

ceeding against Bates, is the pendency of the motion before the late Vice Chancellor, as the decision of that motion would virtually decide the cause. The other facts of the case will sufficiently appear in the opinion of the court.

*C. B. Lord*, for complainant.

*J. G. Masten*, for defendants.

THE VICE CHANCELLOR. Motion for dismissal of bill for want of prosecution, or for dissolution of injunction.

A portion of the defendants who have answered cannot move in the cause generally, in the way of taking proofs, until the cause is at issue as against all the other defendants. In case the cause stands for hearing on bill and answer, as to those defendants who have answered, if the complainant does not use due diligence in proceeding against the other defendants, those who have perfected their answer may move to dismiss the bill for want of prosecution, (Rule 66,) and a proper excuse for such want of diligence is the only proper answer to such application. The reason of this rule is adopted in the case where replications are filed to the answer of the defendants who have put in their answers. If, in such case, the complainant neglects to proceed against other parties to the suit, so that the defendants who have answered cannot enter an order to produce witnesses, a motion may be made by the defendants who have answered to dismiss the bill for want of prosecution, Vermillyea *vs.* Odell, 4 Paige, 121. The same excuse is applicable in each case as in cases arising under the rule. The case last supposed is the one now under consideration. The replication

Sept. 1839.

Hastings
v.
Palmer
and others.

to the defendants' answer who have answered was filed in Nov. 1838, and though a motion was made on their behalf to dissolve the injunction, that was rather a reason for expediting than delaying the proceedings, as against the other defendant. When a complainant obtains a preliminary injunction, locking up property perhaps to a large amount, more diligence is required of him in his proceedings to expedite the hearing than in other cases where no injunction is pending. The bill was amended, making Thomas Bates a party, in November, 1837. The complainant has had ever since that time to procure his answer or take the bill as confessed against him. The defendants who have answered, it is true, were not in a situation to move until November, 1838; but they had a right to expect that the cause would be in readiness for a hearing, or at least that steps would be taken to get the cause in readiness for hearing as against Bates, if it could be done. The functions of the circuit judge, as Vice Chancellor, expired on the first of May, and after that day neither party could have expected a decision upon the motion to dissolve the injunction pending before him. The pendency of that motion was no obstacle to the complainant's proceeding against Bates. He did not proceed against Bates for a year before that motion was made—he did not proceed during its pendency—he has not proceeded since.

There is at least great negligence in this particular, and though I shall deem the excuse rendered sufficient to prevent a dismissal of the bill for want of prosecution, yet it is certainly not sufficient to prevent the hearing of the motion to dissolve the injunction. This is a creditor's bill in part, and in part a

bill to set aside an assignment to trustees as fraudu- lent. The judgment was rendered in favor of Bald- win and Williams, and execution was issued thereon, Oct. 15, 1836, returnable, Oct. 21, 1836, and the judgment was assigned to the complainant, Oct. 28, 1836. The defendant contends that the complainant not being the person who *sued out the execution,* which was returned unsatisfied, cannot file this bill under the statute.

The statute provides that a party suing out the execution may file a bill in chancery against the judg- ment debtor to compel the discovery of any property, &c. In a mere creditor's bill a technical compli- ance would seem to require that the complainant in the bill in equity should be identical with the *party suing out the execution* at law. Such is the con- struction which would appear to be given by the Vice Chancellor of the first circuit, to the statute, 1 Edward's Reports, 509. Such construction would, in this case, be fatal to the complainant, if this was considered a mere creditor's bill. See Gleason *vs.* Gage, 7 Paige, 121, overruling the doctrine supposed to be established by 1 Edward's, 509. But I under- stand it to have been always competent for a judg- ment creditor, who has exhausted his remedy at law, to file a bill to set aside an assignment which fraudu- lently interferes with his obtaining a full satisfaction of his judgment. The technical statute rule, if it applies at all, only applies to a particular class of cases. Cases that are independent of the statute will be governed by rules previously existing ; and I cannot doubt that before the statute, a party who comes into this court, in the manner in which this complainant comes in, would have his rights recognised in the same man-

Sept. 1839. ner as if the original judgment creditors were com-
plainants.   The strict rule of the statute is, therefore,
Hastings
v.
Palmer
and others.
not deemed to apply to this case, so far as it seeks
to set aside the assignment.

The defendants who have answered deny in terms
all fraud.   This is not sufficient, if the instrument
discloses upon its face indications of fraud.   In this
case it is difficult to tell whether the result of the
assignment would be fraudulent or not.

We want some evidence extrinsic to be informed
of its operation.   The time which the mortgages
have to run, which are provided for by the assign-
ment, may be a circumstance which would have a
bearing upon the bona fides of the instrument—the
value of the mortgaged premises—and some other
circumstances which do not now appear.   It may
be very proper to provide in the assignment for pay-
ment of mortgage incumbrances in certain cases, as
a provision of that kind might prevent a great sacri-
fice of property.   In other cases a provision, or rather
positive requirement to pay mortgage debts may,
from the length of time which those mortgage debts
have to run, amount to a fraudulent delay of creditors.

As the circumstances in this case are not before
the court, and as the amount at stake is large, it is
perhaps more consonant with the ends of justice to
retain the injunction until the hearing.

The motion to dissolve is denied, costs to abide
the event.