WILBUR and others *vs.* COLLIER and others.

A creditor's bill must aver that the judgment debtors, or some of them, resided in the county to which the execution at law was issued, at the time of issuing such execution, otherwise the bill will be dismissed.

If the defendants in a creditor's bill, insist, in their answer, that the complainants have not made in their bill the necessary averments as to the residence of the defendants at the time of issuing the execution at law, and the complainants, notwithstanding, go on and file their replication and take their proofs, and come to a hearing, they will not then be permitted to amend. By filing their replication and taking proofs, they have precluded themselves from making an amendment.

*E. B. Holmes,* for complainants.

*M. F. Delano,* for defendants.

THE VICE CHANCELLOR. This is a creditor's bill, and the cause comes on for hearing on pleadings and proofs. The bill does not state the residence of the judgment debtors (defendants), and avers the issuing of the execution to the county of Monroe where the venue was laid; but does not aver that such county was the residence of the defendants or either of them. This defect is insisted upon in the answer. Yet a replication is filed, and proofs are taken. Under this state of facts the bill cannot be sustained, for the defect in not averring that the execution was issued to the county where the defendants resided at the time. Upon this point the authorities are full and explicit. Child vs. Brace, 4 Paige, 316; 7 Paige, 663, Reed vs. Wheaton; and Gaylord vs. Hendrickson, decision of Chancellor, July 21, 1840.

It is clear from this defect, that the bill must be

dismissed. But on the hearing, when the defect was suggested and the opinion of the court taken thereon, the complainants asked for leave to amend. And the only question is, whether they can, under such a state of facts, be allowed to amend upon any terms.

In McElwain vs. Willis, 3 Paige, 505, there was a demurrer to the bill for a defect similar to the defect in this bill; and though the demurrer was allowed, the right of the complainant to apply for an amendment was reserved. This was a case of demurrer, and no proofs were taken.

In Bowen vs. Idley, 6 Paige, 52, the Chancellor says : "Before any witnesses have been examined "in a cause, the court will allow the complainant to "withdraw his replication and amend, upon such "terms as to costs or otherwise, as may be equita- "ble, upon any reasonable excuse shown for not "making the amendment sooner. But after the proofs "are closed, and especially after the cause has been "heard upon pleadings and proofs, although no de- "cree has been made therein, no other than mere "formal amendments are allowed, and those only "under very special circumstances." I am willing to consider the defect in this case as a formal one, which may be remedied by a mere formal amendment. I am willing also to believe that the merits of the case have been presented fairly by the pleadings and proofs, though I cannot positively know that fact. I have, too, a strong desire to permit the complainants to amend their bill in this matter, if I could do so consistently with settled decisions, and what I think should be established principles. A complainant may and frequently does make acciden-

tal and perhaps negligent mistakes in the averments in his bill. If these are merely formal, and the defendant conceals his knowledge of them, and suffers the complainant to go on and take his proofs, and only suggests the defect at the hearing, the complainant should have liberty to amend if the defect was a mere formal one. But the case is different when the defect is specifically pointed out in the answer, and the complainant is thus informed of it. If, notwithstanding this admonition, he goes on and files a replication and takes his proofs, he must do it at his own risk that the objection is not well taken.

In Vermillyer vs. Odell, 4 Paige, 123, the Chancellor says: "The complainants have precluded "themselves from making an amendment, by filing "a replication to the answer after they were fully "apprised of the necessity of an amendment to their "bill."

In this case, the complainants were apprised of the necessity of an amendment by the answer. They did not choose to regard the admonition. They must abide the consequences. To make my own decisions consistent, I cannot allow an amendment now. The bill must be dismissed, with costs to be taxed, but without prejudice to the right of the complainants to file a new bill.

I did give an intimation upon the argument, that I would pass upon the merits of the cause, at the suggestion of the counsel for both parties, and I took up the papers for that purpose; but I find the papers are deficient. The answer is not with them, there is no case as required by the rules, and no abstract of either pleadings or proofs; and therefore I cannot pass upon it, though I am willing to do so hereafter,

Sept. 1840.

Wilbur and others v. Collier and others.

if the counsel desire, and will furnish me with the necessary papers.