# WHEELING.

BAILEY v. McCORMICK *et al.*

Submitted June 19, 1883—Decided July 7, 1883.

(*WOODS, JUDGE, Absent.)

An undertaking executed by parties as security for costs in a suit brought by a non-resident in the form prescribed by section 21 ch. 138 of Code of W. Va. p. 662 does not bind the parties to pay the costs in the Appellate Court, but only the costs incurred in such suit in the court below.

GREEN, JUDGE, furnishes the following statement of the case:

On September 2, 1873, S. P. McCormick and Lewis Haymond executed and filed an undertaking in a chancery cause, pending in the circuit court of Taylor county, wherein one Jacob B. McCormick, a non-resident of this State, was plaintiff, and Silas P. Bailey was defendant, which undertaking was in these words:

"Jacob B. McCormick, a non-resident of this State, having commenced his suit in equity against said Silas P. Bailey in the circuit court of the county of Taylor, we, S. P. McCormick and Lewis Haymond of the said county undertake to pay all costs, which may be awarded to the said Silas P. Bailey in said suit, and all fees that become due in such suit to the officers of the court.

"Given under my hand this 2d day of September, 1873.

"S. P. McCORMICK.

"LEWIS HAYMOND."

On September 11, 1877, a decree was rendered by said court in said suit in favor of the plaintiff against Silas P. Bailey, defendant, for three thousand four hundred and ninety-one dollars and eighty-three cents with interest from September 3, 1877, and costs. On appeal by the defendant this Court on March 26, 1881, reversed this decree and adjudged, that Jacob B. McCormick should pay to said S. P. Bailey his costs in this Court, and proceeding to render such decree as the court below should have rendered, decreed, that the plaintiff's suit be dismissed, and that the plaintiff, Jacob B. McCormick, should pay to the defendant, Silas P.

*Counsel below.

Bailey, his costs about his defence in the circuit court of Taylor expended, which was certified to that court and duly entered on its order-book on June 24, 1881, (see 17 W. Va. 585). These costs amounted to two hundred and sixty-three dollars and sixty-five cents. Execution issues therefor and was returned "no property found," and the costs were never paid. Thereupon Silas P. Bailey gave notice in writing to Samuel P. McCormick and Lewis Haymond, the obligors in said undertaking for costs, "that on the 27th day of March, 1882, he would move the circuit court of Taylor county to render a judgment upon said undertaking in his favor against them and each of them for said sum of two hundred and sixty-three dollars and sixty-five cents costs, which had been awarded him in said suit in equity." This notice stated all the facts which we have recited, and was duly served on both of the obligors in said undertaking on January 25, 1882, the case was docketed and the defendant, Lewis Haymond, offered a plea in writing to the motion, which was objected to, and no action was ever taken upon it as the defendant, Samuel P. McCormick, on April 3, 1882, appeared and moved the court to quash and dismiss the notice and motion of said Bailey, and on the 6th day of April, 1882, the said circuit court made this order:

"And at another day of said term of said court held as aforesaid on the 6th day of April 1882, came as well the plaintiff, by his attorneys, as the defendant McCormick, by his attorneys, and the motion of the said McCormick to quash and dismiss the notice herein being argued, it is considered by the court, that the same be sustained, and the said notice is accordingly quashed and dismissed, and that the defendant McCormick recover from the plaintiff his costs herein."

To this judgment a writ of error and *supersedeas* has been awarded Silas P. Bailey.

*Martin & Woods* for plaintiff in error.

*John Bassel* and *S. P. McCormick* for defendants in error.

GREEN, JUDGE.

The only question involved in the record of this cause is, whether in a suit by a non-resident, when the court below

renders a decree against the defendant, and he takes an appeal to this Court, who reverse the decree below and award costs to the appellant, the undertaking required in such case by section 2 of chapter 138 of the Code binds the sureties only for the costs in the court below or also for the costs awarded by the Appellate Court. The undertaking is "to pay all costs, which may be awarded to the said defendant, naming him, in said suit, and all fees, which may become due in such suit to the officers of the court." This so far as the costs are concerned is precisely the same obligation, which a security for costs were in like circumstances required to undertake by the Code of Virginia. See ch. 185 § 2 Code of 1860. This was taken from the revised Code of 1819, ch. 128 § 28 vol. 1, and this latter was taken from the act of 1780. So that there has never been any change, in this respect, in the statute law of Virginia or of West Virginia. It is true, that there has been a slight change in the language of the statutes, but obviously no change in its meaning. The Code of Virginia used the language, "the costs, which may be awarded the defendant and the fees due or to become due in such suit to the officers of the court." This is obviously the exact equivalent of the language used in our Code, and in the Code of 1819. In the Acts of 1780 the following language is used: "The costs which may be awarded the defendant and also the fees which may become due to the officers of the court." Of course this means precisely what is meant in the Code of West Virginia ch. 138 § 2. Costs, which may be awarded "C. D. *in said suit* and all fees, which may become due *in such suit* to the officers of the court." For "the costs which may be awarded the defendant," means of course in the suit, in which the security for costs is given.

There having been really no change in the statute-law, as to the extent of the liability for costs of a security for costs in a suit, we may with safety resort to the oldest decisions in Virginia to ascertain the extent of this liability. The oldest case directly deciding the extent of the liability under our statute-law of a security for costs given, when the plaintiff is a non-resident, is a decision by Chancellor Taylor of the Richmond district, rendered in 1810, and reported in 4 H. & M. p. 484. The case is a short one, and as it is directly in point I will

give here the whole of the case; it is that of *Lambert* v. *Key*, 4 H. & M. 484. There had been a decree against the defendant, from which he appealed, and the court of appeals reversed the decree and sent the cause back. "And now Mr. Haymond, as the plaintiff was not an inhabitant of the commonwealth, that he should be ruled to security not only for the costs of the suit in this court, but for the costs expended by Key in the court of appeals." *By the chancellor:* "The act of Assembly, which authorized the former part of this motion does not authorize the latter, and therefore it cannot be granted."

Of course if the bond for security of costs had been given, as in the case before us, before Key, who stands in the situation of Bailey in this case, appealed, Chancellor Taylor would have held, that the security in the bond was only liable for the costs in the court below, and not for the costs incurred by the defendant in the Appellate Court, and for which he had, as in the case before us, a decree against the plaintiff below. If Chancellor Taylor was right in his construction of our statute-law it must follow, that Silas P. Bailey has not a right on the undertaking for costs to recover of the securities the two hundred and sixty-three dollars and sixty-five cents costs incurred by him in this Court, and for which he has a decree against the plaintiff; but he is only entitled to recover the costs, which he incurred in the circuit court of Taylor in the suit, in which this undertaking was given, and this I understand it is admitted that he has received. I do not find any other decisions in Virginia or in this State directly deciding the question involved in this case. This I presume results from this old decision having like many of Chancellor Taylor's decisions been regarded by the profession as settling the law, and I presume it has been ever since acquiesced in by the bar so that the question has never been brought directly before the court of appeals of Virginia or of this State. Other decisions have been rendered by the court of appeals of Virginia, which as I understand them indicate, that had this point been brought before the court of appeals it would have approved this decision of Chancellor Taylor. In *Woodson* v. *Johns*, 3 Munf. 230, decided in 1812, the court of ap-

peals of Virginia held, "that the security in a bond for the prosecution of an injunction is not liable for the costs, and damages, which may accrue on an appeal to a superior court." In the opinion the court also say, "that at the time of executing the bond sued on no such damages as were claimed were allowed at law on the affirmance of a decree." This latter part of their decision in this case I have given because the counsel for the plaintiff in error in his argument thinks, that this case has no bearing on the case before us, for reasons given in the opinion of Judge Baldwin in *Jeter* v. *Langhorne*, 5 Gratt. 200 and 201. But as I understand Judge Baldwin he only explains the latter part of this opinion and shows, that when the bond sued on in *Woodson* v. *Johns*, 3 Munf. 230 was executed in 1791, there was no condition in injunction-bonds to pay "damages," though there was such condition to pay "costs;" the requirement in such bond to pay "damages" also being first inserted in 1804, by the act of January 20, 1804. With reference to so much of the decision of *Woodson* v. *Johns*, 3 Munf. 230 as decided, that "the security in a bond for the prosecution of an injunction is not liable for the costs, which may accrue on an appeal to a superior court," Judge Baldwin says page 201 : "The obvious reason against appellate costs was that none could have been contemplated by the injunction-bond, inasmuch as they are provided for by the law of appeal."

So in the case before us the obvious reason, why the defendant in the chancery suit, Bailey, cannot recover his costs in the Appellate Court is, that none such could have been contemplated by the undertaking for costs executed before the circuit court, inasmuch as these costs of Bailey would have been provided for by the bond, which was given by the plaintiff, McCormick, when he obtained an appeal had he been the appellant. And it seems to me obvious, that the responsibility for the appellate costs of Bailey, on the part of the obligors in this undertaking for costs, can not depend upon, who may happen to be the appellant. If they were bound for these appellate costs they would be bound absolutely, and if not so bound, it must be that the only costs awarded to said Bailey in said suit, which they undertook to

pay were the costs in the circuit court. For if the costs in the Appellate Court were meant they would, by the terms of this undertaking, have been liable to such costs if Bailey had been appellee instead of appellant; and yet Judge Baldwin thought it obvious, that they could not be liable, as these costs in the appellate court would be provided for by his appeal-bond. All that Judge Baldwin says is, "that he does not perceive, that the case cited for the defendant in error, in *Woodson* v. *Johns*, 3 Munf. 230, throws any light upon this question." The question to which he referred was, the liability of the securities in an injunction-bond to injunction damages, while the injunction was pending in the court of appeals. But all the other members of the court differed from Judge Baldwin even on this point, and held, that *Woodson* v. *Johns*, 3 Munf. 230, did throw much light on this question. The views of all the other members of the court on this point are stated by Judge Allen in 5 Gratt. 209, 210. I need not state their views as it is unimportant, so far as this case is concerned, who was right on this damage question, Baldwin the dissenting judge, or the balance of the court. But I will quote so much of what Judge Allen states in reference to this case of *Woodson* v. *Johns*, as will show the application of this decision to the matter before us. On page 209 Judge Allen says :

"The case of *Woodson* v. *Johns* was a suit on a bond dated in 1791 before the passage of the act allowing damages upon the dissolution of an injunction, and is consequently no authority upon the question of damages. But by the law as it then stood, the party obtaining the injunction was to give bond with conditions, among other things, to pay all such costs as should be awarded against him in case the injunction should be dissolved. Revision of 1792 page 95 § 56. The breach set out alleged, that the injunction was dissolved and costs were awarded. It appeared, that the injunction had been dissolved, the bill dismissed, and that the decree had been affirmed. The court of appeals decided, that the security in the injunction-bond is not liable for costs and damages, which may accrue on an appeal to a superior court." The judge then proceeds to show, that this decision with reference to the obligors in an injunction-bond not being liable

for costs in the appellate court, throws a strong light on the question of "damages" then before the court, but this is foreign to the case before us.   It appears, that all the judges of the court of appeals in *Jeter* v. *Langhorne* approved the decision in the case of *Woodson* v. *Johns,* and admitted it to be binding authority so far as it held, that the sureties in an injunction-bond, though bound to pay all costs awarded in case the injunction was dissolved, were nevertheless not bound to pay any costs incurred in the appellate court, though the injunction was dissolved.   All costs were interpreted to mean only all costs incurred in the court below, and not the costs incurred in the appellate court; and if an injunction-bond is thus interpreted I cannot see how we could interpret otherwise an "undertaking to pay costs," when the plaintiff is a non-resident.   The language used in the injunction-bond and in this "undertaking" is substantially the same, and if the one means costs in the court below the other must mean the same, as was decided by Chancellor Taylor.

The counsel for the plaintiff has referred to no authorities in this State or elsewhere, in which decisions have been rendered in opposition to these two old Virginia cases, nor have they so far as I know been disapproved in any case in Virginia or in this State; but the counsel for the plaintiff in error insists, that the terms of the undertaking were "to pay *all* costs, which may be awarded Silas P. Bailey *in said suit.*"   As the costs claimed were awarded to Silas P. Bailey on an appeal from a decree in this suit, they were awarded *in this suit,* as the proceedings in this Court and in the court below were one and the same suit.   He refers to no authorities to show, that an appeal or writ of error is regarded in all respects as a mere continuance of the original suit.   I can well understand, as it is a continuance of the same controversy, that it might be held for some purpose as a continuance of the same suit.

There is one case in the Virginia reports decided by two out of three judges, and which is therefore not authority, in which from the language used by one of the judges it would appear, that he regarded an appeal for some purposes as a continuance of the original suit.   In *McClung* v. *Beirne,* 10 Leigh 394, it was decided, "that the real estate aliened by the

debtor between the date of the original judgment and the date of the judgment of affirmance, whether owned by him at the date of the original judgment or acquired afterwards, is subject to the lien." Judges Tucker and Parker concurred in this conclusion, and Judge Stanard dissented from it. Judge Parker assigned no reasons for his concurrence, and I can well understand how he may have reached these conclusions by a different train of reasoning from that followed by Judge Tucker, who delivered the opinion. He says on pages 400 and 401: "Nor do I think, that there was any error in charging upon the real estate bound by the original judgment the damages and costs in the court of appeals. Had an execution by *elegit* been sued out it must have included those damages and costs, and must have directed the levy of them, as well as the amount of the original judgment by extent of the land whereof the defendant was seized at its date. They are but emanations of that judgment, which opens to receive them, in like manner as the interest of the debt, and the fees for issuing an execution, though accruing subsequent to the judgment are considered and taken to be a part of it or appendages to it. * * * The damages and costs in the appellate court thus become appendages to the original judgment; for the judgment of affirmance is no new judgment; it is but a ratification of the original judgment." It is obvious, that this reasoning, if it be regarded as at all sound, has application only where the judgment or decree below is affirmed, and not as in this case, in which the undertaking for costs was filed and the decree was reversed.

But I do not propose to express any opinion, as to whether Judge Stanard was right in dissenting from these views of Judge Tucker, or whether Judge Parker was right in reaching the same conclusion, which Judge Tucker did, whether by the same or some other train of reasoning; for it seems to me it may be safely admitted, that appellate proceedings may for some purposes be regarded a continuance of the original suit, while for other purposes it should be regarded as a new action; and it is generally regarded as in its nature a new action, and not a continuance of the original suit. It is true, that what are perhaps most properly called appeals are a continuation of the original case, when the case is tried *de*

*novo* in the appellate court and new evidence and pleadings allowed, as in an appeal from the judgment of a justice of the peace.    But writs of error and appeals in chancery causes carried on as they are in this State are in their nature new actions, often taken by persons, who were not even parties to the suit below, but were only interested directly in the controversy as a creditor, who has come before a commissioner to audit a claim.    Powell on Appellate Proceedings in chapter 3, section 7, page 105, says: "Proceedings in error are in the nature of a new action, and are brought by the person against whom final judgment has been rendered in the court below, whether plaintiff or defendant.    It is brought on some alleged error in such judgment and proceedings, and the person by whom this new action is brought is called the plaintiff in error, and the opposite party the defendant in error.    Frequently the case in error is brought by some new party; but at all times he must be one of the parties to the judgment, or personal representative, or privy in estate, or interest as claimant of the land or property affected by the judgment or bail, and the like cases of privity in interest."

The very form, in which the judgment or decree of the appellate court is entered, on its face indicates, that it is not regarded as only a continuance of the original suit, but rather as a new action.    Thus when a case is reversed two distinct decrees as it were are entered up by the appellate court; the first is a recovery by the appellant of his costs in the appellate court, and the second is such a decree on the merits of the case as the court below ought to have entered. Now the first of these decrees or the first part of the decree entered by this Court is entered up in just the form, in which a decree would be entered in a new action, while the second is in the form, in which the decree should be entered in the original cause.    It is therefore, not to me apparent, why as a matter of course this first part of the decree giving the appellant costs, and which is entered up in the form of a decree in a new action, should be considered as a decree in the original suit; on the contrary it seems to me, that ordinarily it could not be so regarded.    An appeal or a writ of error is a new proceeding, commenced before a different court.    If this new proceeding was for the purpose of carrying the judgment

or decree into effect, it might with some propriety be regarded as a continuance of the original case, but its purpose is the very opposite; the appellate proceedings are instituted for the purpose of defeating and reversing a judgment or decree in a cause, which has been finally ended in the court below. And thereupon it seems to me, that an appeal or a writ of error should generally be regarded in the light of a new suit, and it has been so regarded frequently. Thus the chancellor in *Lampman* v. *Hand & Whaley*, 4 Paige 121 says: "An appeal from a decree of a vice-chancellor to a chancellor is a new proceeding; as much so as an appeal from a decree or order of the chancellor to the court for the correction of errors." And in *Wendell* v. *Lewis*, 8 Paige 624, the chancellor says: "The appeal by all the defendants jointly from the decree of the vice-chancellor is in the nature of a new suit, and may also be taxed in a separate bill in behalf of all the appellants."

The true view of appeals it seems to me was taken in the case of *Kanouse* v. *Martin*, 2 Sandf. 740, where Mason, J., in delivering the opinion of the court says: "Although an appeal or writ of error in some aspects may not be deemed a new action, but only a proceeding in an action already existing, yet in other respects it is a new suit. When judgment is perfected in an inferior tribunal the suit properly speaking is at an end, and the subsequent proceedings in the same court are only for enforcing the judgment. On an appeal or writ of error new proceedings are commenced before a different tribunal not for the purpose of carrying that judgment into effect, but for the purpose of defeating or reversing it. The defendant, if he appeals, now becomes the plaintiff, and the costs under either law are entirely different from those provided in the courts below. The fee bill itself under the old law was framed on the idea, that a writ of error or an appeal was a new proceeding, since a retaining fee was allowed, and new and different rules of compensation fixed."

These cases are sufficient to show, that it would be a very unsafe premise to assume, that an appeal or writ of error was in no case to be regarded as anything else than a simple continuance of the original suit, and that therefore necessarily one who was security for costs in the original suit was also bound

to pay the costs recovered by the appellate court. It is a much safer course to look to the spirit and object of the statute-law, and from it determine, when it required a non-resident to give security for costs in the suit. It intended, that this security should extend to the costs, if an appeal should be taken by the defendant, or by the non-resident plaintiff himself. It seems clear, that the law never could have intended, that the security for costs given in the court below by a non-resident should be responsible for costs, if the non-resident took an appeal, for in that case a new bond for the payment of the costs incurred in the appellate court is required of him, and from this alone one would naturally infer, that the security given in the lower court for the costs of the suit was not designed in any case to cover the costs in the appellate court, as it obviously was not so intended in every case.

It seems to me however, that this matter has been determined long since by the Virginia cases, to which I have referred. I have examined the authorities referred to by counsel in other States, and so far as these authorities go they appear to concur with the views which I here express. Such is the construction apparently put upon the obligation, which rests upon a security for costs in the court below in Illinois and Tennessee. See *Clark* v. *Quackenboss,* 28 Ill. 112; *Kennedy* v. *Jack,* 1 Yerg. 82; *Hawkins* v. *Thornton,* 1 Yerg. 146; *Carren* v. *Breed,* 2 Cold. 465; *Allison* v. *Stephens,* 2 Head. 251. And in New York in the case of *Judson* v. *Leach,* 7 Cow. 152, the court decided, "where a statute declares that a party shall recover costs, it means the costs of the court where the action is pending, unless it be otherwise provided." An Ohio statute provides, "that when a judgment is reversed the plaintiff in error shall recover his costs, and when a judgment is affirmed the defendant in error shall recover his costs." In construing this statute in *Cartright* v. *Sole,* 16 Ohio 316 the court decided, "that the judgment of reversal or affirmance only embraces the costs made under the proceeding or writ of error." The New York and Ohio cases while not directly bearing on the subject under consideration show, that a statute directing the payment of cost by a party will be interpreted to mean costs in the court, in

which the suit is pending, whether it be in the court below or in the appellate court, and not the costs in both courts. If this rule was applied to our statute fixing the form of the obligation of a security in "an undertaking for costs," given when the plaintiff is a non-resident, such undertaking would cover only the costs in the court, in which the suit was pending when the bond was given, and not the costs in the appellate court.

My conclusion therefore is, that there was no error in the court below in dismissing the motion and notice of the plaintiff, and in rendering judgment against him for costs.  The judgment therefore of the circuit court of Taylor county rendered on April 6, 1882, must be approved and affirmed; and the defendants in error must recover of the plaintiff in error their costs in this Court expended, and thirty dollars damages.

JUDGES JOHNSON AND SNYDER CONCURRED.

JUDGMENT AFFIRMED.