# CHARLESTON.

WASS v. WASS.

(Two Cases.)

Submitted June 15,.1896—-Decided Nov. 25, 1896.

1. DIVORCE—ALIMONY.

The question as to the amount of alimony *pendente lite* which shall be allowed the wife in a suit brought against her by her husband for divorce is one addressed to the sound discretion of the court under all the circumstances of the case, and the condition of the parties must also be taken into consideration.

2. DIVORCE—ALIMONY—FEES OF COUNSEL.

Fees for prosecuting an appeal in the supreme court from a decree against the wife in the circuit court will not be allowed distinctively as alimony *pendente lite*, but the court, in its discretion, will allow a reasonable amount to enable her to carry on her suit.

B. F. AYRES for appellant, cited 41 W. Va. 126; 12 W. Va. 336; 13 W. Va. 231; 10. W. Va. 489-501, 502; 6 Leigh, 438, 399, 839; 2 Call, 376; 5 Call, 115; 3 Munf. 227; 6 Munf. 580; 15 W. Va. 323; 9 Leigh, 262-278; 20 Gratt. 31; 22 Gratt. 649; 15 Pet. 123; 21 Gratt. 57; 24 S. E. 238, 239; 23 S. E. 232, 238; 7 Hill, 207; Bish. Mar. and Div. §§ 603, 604; 1 Eng. Ec. R. 178, 418; 1 Paige, 261; 2 B. Mon. 370; Code, c. 64, s. 9.

FREER & ROBINSON for appellee, cited 21 Gratt. 57; 23 S. E. Rep. 232; 24 S. E. Rep. 238.

ENGLISH, JUDGE:

Two suits were pending in the Circuit Court of Ritchie county, one in the name of Martha E. Wass against William Wass, and the other in the name of William Wass against Martha E. Wass. In the last named suit the plain-

tiff prayed for a divorce *a vinculo matrimonii,* and in the first named the plaintiff prayed for a divorce from the bonds of matrimony and for alimony.

Such proceedings were had in the case of M. E. Wass against William Wass that on the 21st day of February, 1891, a decree was entered therein granting the plaintiff a divorce from bed and board, and costs, including an attorney's fee of twenty dollars, to be paid her attorneys, and which, in addition to the sum of one hundred dollars, before allowed them by the court, was directed to be in full of their services to that date. On the 1st day of September, 1893, it was ordered in said cause that all suit money and alimony allowed plaintiff against the defendant do cease and determine, and on the 28th day of October, 1893, it was ordered that said cause be dropped from the docket, having been theretofore determined.

On the 1st day of July, 1893, a final decree was rendered in the case of William Wass against Martha E. Wass, which decreed that on the ground of willful and continued desertion and abandonment the complainant, William Wass, be forever divorced from Martha E. Wass, and that for said cause Martha E. Wass be forever divorced from William Wass, and that the bond of matrimony heretofore entered into and celebrated between them be dissolved, and they each relieved and released from the bonds thereof; and that the rights of each, either initiative or consummate, in the property of the other, real or personal, from that time forth do cease and determine; that the complainant do pay the sum of twenty five dollars to the counsel of defendant as additional counsel fees, and that all suit money and counsel fees further do then cease.

An appeal was applied for and obtained by the defendant, M. E. Wass, and on the 16th day of November, 1895, this Court set aside the two decrees complained of entered on the 1st day of September, 1893—the one in the case of M. E. Wass against William Wass, stopping the allowance and further payment of the wife's alimony; the other in the case of William Wass against Martha E. Wass, decreeing a divorce from the bonds of matrimony—and remanded said causes with directions to dismiss the bill of plaintiff,

William Wass, and in the other to ascertain, decree, and
secure the payment of a definite proper sum as alimony, all
things considered, and retain or deal with the case as au-
thorized by law.

As soon as the mandate of this Court had been recorded
in the circuit court, the said M. E. Wass filed a petition
asking the circuit court to allow her counsel fees to pay her
attorneys for prosecuting her case in this Court, and also
to restore her alimony. And the said William Wass also
filed a petition setting forth the amounts of money he had
been compelled to pay in the shape of costs, counsel fees,
and alimony by reason of the litigation with his wife, pray-
ing that the alimony allowed the said M. E. Wass be en-
tirely stopped, and that her suit be dismissed, and that the
court might make such order in regard to costs as might
be right and proper, and that no costs be paid except those
in this Court. The petition of William Wass was answer-
ed by M. E. Wass, and on the 28th day of March, 1896, the
case was heard upon said petitions and answers, and the
court decreed that said M. E. Wass be allowed the gross
sum of one hundred and twenty dollars as a reasonable and
proper sum for her alimony, and it was decreed that she re-
cover that sum in gross, or, at the election of William Wass,
ten dollars per month, payable on the 1st of each month,
until said gross sum was discharged; that the bill of Wil-
liam Wass against M. E. Wass be dismissed, with costs;
and the chancery cause of M. E. Wass against William
Wass be retained on the docket of the court, with leave to
either party to apply by way of petition, or by any other
proper proceedings, for any change or modification of the
decrees in said cause; and from this decree M. E. Wass ap-
plied for and obtained this appeal.

The first assignment of error is as to the action of the
court in overruling the appellant's objection to William
Wass' petition and answer, allowing the same to be filed.
This petition was in the nature of an answer to the petition
of M. E. Wass, in which petitioner was setting forth his
reasons why the petition of M. E. Wass should not be al-
lowed to be filed, or, if filed, that its prayer should not be
allowed; and we can see no objection to its being filed.

The next error assigned is claimed to be that, although the mandate of this Court allowed M. E. Wass costs, and required the circuit court to award her costs about the prosecution of her suit in this Court expended, the circuit court in its decree made no provision for her recovering her costs which accrued in the Supreme Court. This decree for costs was made in the usual manner in this Court, and under section 29 of chapter 135 of the Code it is provided that "the court from which any case may have come to the supreme court of appeals shall enter the decision of the appellate court as its own, and execution thereon may issue accordingly"; so that entering the decision is the only provision necessary to entitle the party to an execution for the costs of this Court.

The next assignment of error is that the circuit court refused to allow counsel fees to said M. E. Wass for services rendered in the Supreme Court. Now, while it is true that section 9 of chapter 64 of the Code allows the court in term or the judge in vacation, during the pendency of the suit, to make any proper order to compel the man to pay any sum necessary for the maintenance of the woman, and to enable her to carry on her suit, yet nothing is said about the appellate court in said statute, and we must regard it as a matter submitted to the sound discretion of the circuit court under all of the circumstances, including the condition of the parties. The discretion has been exercised in this case by allowing one hundred and twenty dollars for counsel fees in addition to what had already been allowed at different times; and we think the legislature intended that this discretion should be exercised by the circuit court, being nearer to and more in touch with the parties and their circumstances and surroundings; and it was not intended that this Court should review such discretion when exercised unless it is made to appear that it had been grossly abused, and this we can not say in this case. Barton, in his Chancery Practice (volume 1, p. 315) says: "The amount of alimony to be allowed is matter of discretion to be exercised according to established principles, and upon a view of all the circumstances of the case. It is common also to distinguish between the temporary alimony granted during

the continuance of the suit, and the permanent alimony allowed at its close; the latter being an amount always greater than the former. * * * Ordinarily, it is said the wife ought to be allowed for temporary alimony about one fifth of the joint income as just defined, and for permanent alimony from one half to one third; two fifths being no uncommon proportion." In the case of *Harris* v. *Harris*, 31 Gratt. 13 (second point of syllabus) it is held that: "According to the ecclesiastical law, no alimony was allowable on a decree *a vinculo matrimonii.* And if, under the Virginia statute, the court has a discretion, upon decreeing such a divorce, to allow alimony to the wife, that discretion should be exercised upon the same principles which govern in a case from bed and board." (3) "The circumstances must be very peculiar indeed if any such case there could be which, justifying a decree for an absolute divorce in behalf of the husband for willful desertion of the wife, would at the same time warrant a decree in her behalf that he should, out of his own estate, maintain her as long as she lived, although, after the divorce she should become the wife of another." Now, since these causes have been remanded to the circuit court, no additional testimony has been taken by either party; and to show how the case was presented at the time the final decree was rendered by the circuit court we quote from said decree as follows: "On consideration whereof the court is of opinion that from the great and irreconcible conflict of the evidence in the cause on the 'charge of adultery' it is not possible to arrive at a satisfactory conclusion as to whether the same is sustained or not; and therefore is compelled to find the same unsustained; but the court is moreover of opinion from the evidence that there is no longer any hope of a reconciliation between the parties, and that each one and both are in a measure guilty of willful and continued desertion and abandonment of the other, and that the same has continued for more than three years," *etc.* and proceeded to grant the divorce for willful and continued desertion. Now, in the absence of any additional testimony, the case is sent back to the circuit court, setting aside the decree for divorce granted to William Wass, and directing his bill to be dismissed, and in the case of M. E.

Wass against William Wass directing the circuit court to ascertain, decree, and secure the payment of a definite proper sum as alimony, all things considered, and retain and deal with the case as authorized by law; and the above portion of the decree is quoted to show how the testimony impressed the circuit court at the time the final decree was rendered, and, as no additional testimony has been taken, and the circuit court, as we have seen, must use a sound discretion, all things considered, we can not well see how said M. E. Wass could complain of the allowance of alimony made her after the case had been remanded to the circuit court. In view of the impressions made upon the mind of the circuit court by the testimony in the cause (to which nothing has been added) if we take those impressions from the language of said former decree, and such being the impression produced by the testimony, we can but regard the allowance of one hundred and twenty dollars in addition to what had been previously allowed as liberal enough.

For these reasons the decree complained of is affirmed, with costs and damages.