# CHARLESTON.

### STATE v. LEWIS OXLEY et al.

Submitted November 13, 1923.    Decided December 4, 1923.

1.  INFANTS—*Liability of Next Friend, Unsuccessfully Prosecuting Suit, for Costs, Arises, Whether Cost Bond Executed or Not.*

    Where an infant by his next friend unsuccessfully prosecutes a suit, the next friend is liable for the costs incurred by the prevailing party; but this liability does not arise from the fact th'at he has, pursuant to an order of court, executed a bond for costs conditioned tol pay all such costs as may be awarded against him.  He is liable for costs whether he has or has not executed a cost bond.  (p. 162).

2.  SAME—*Next Friend, As Losing Party on Appeal, Liable for Costs in Both Courts.*

    If, upon suggestion that the next friend is financially irresponsible, the circuit court requires him to execute a bond conditioned to pay all costs that may be awarded against him in the suit, and he executes the required bond, with approved security, and thereafter prevails in that court; but upon appeal to this court, the opposite party prevails and the suit is dismissed, the party prevailing here is entitled to a decree or judgment against the next friend for his costs incurred in both courts.  (p. 162).

3.  COSTS—*Surety on Cost Bond Not Liable for Cost on Appeal.*

    But the surety upon the cost bond is not liable for the costs incurred upon the appeal.  His obligation to pay costs arises solely from the fact that he has executed the cost bond, and that does not extend to and cover the costs upon the appeal to this court.  (p. 163).

Error to Circuit Court, Randolph County.

Action by the State, suing on behalf of Spencer Hamrick and others, against Lewis Oxley and others.  There was an order sustaining defendant's demurrer to the declaration, and dismissing the action without prejudice, and plaintiff brings error.

*Affirmed.*

*Talbott & Hoover,* for plaintiff in error.
*A. M. Cunningham,* for defendants in error.

MEREDITH, JUDGE:

In 1914 William Darius Hogan, Esther Hogan, Charles Edward Hogan and William Henry Hogan, infants, by their next friend, Lewis Oxley, instituted a suit in chancery in the circuit court of Randolph County against Wirt C. Ward, George W. Hogan, Spencer Hamrick, West Virginia Pulp & Paper Company, and others, the purpose of which is immaterial here. Defendants therein 'suggested that Oxley had not sufficient financial means to pay the costs which might be awarded against him as next friend, and the court required him to execute a cost bond, which he duly executed with Fidelity and Deposit Company of Maryland as surety, in the sum of $500. It was in the usual form and conditioned that Oxley should pay all the costs that might be awarded therein against him as such next friend. On November 7, 1919, the plaintiffs therein were granted certain relief. Defendants Spencer Hamrick, West Virginia Pulp and Paper Company and George W. Hogan appealed to this court. This court reversed the decree, dismissed the bill, and decreed that the appellants recover their costs incurred in this court and in the circuit court. The costs upon appeal were $302, and in the circuit court $27.35.

Thereafter George W. Hogan died and this action in debt was brought by Spencer Hamrick and West Virginia Pulp and Paper Company, as survivors and as such entitled to recover such costs, in the name of the state, for their use and benefit, upon the cost bond executed by the next friend and the surety company.

The court sustained the surety company's demurrer to the declaration, and dismissed the action, but without prejudice as to the costs incurred in the circuit court.

The two questions raised are:

1. Whether the cost bond executed by the next friend covers the cost incurred in the Supreme Court of Appeals, and there awarded to Hamrick and his associates.

2. Whether the costs incurred by the defendants in the chancery cause in the circuit court, amounting to but $27.35, are sufficient to give that court jurisdiction in this action.

That the next friend of an infant plaintiff is liable to the

opposite party for costs of an unsuccessful suit is settled. If the plaintiff fails in the trial court, that court awards costs against him. If he prevails there, and the defendant appeals to this court and prevails here, the appellant is entitled to his costs incurred here. If this court dismisses the cause, it will also give appellant a decree for costs incurred in the trial court. The next friend in the court below continues to be such upon appeal here, and is liable for costs incurred by the opposite party, if the next friend fails in the suit. *Fisher* v. *Bell,* 65 W. Va. 10, 63 S. E. 620.

The obligation of the next friend to pay costs does not arise from the fact that he executed a cost bond. He is liable for costs where he fails in the suit, whether he executes a bond for costs or not, but such is not the case as to the surety upon the cost bond. Its obligation arises from the fact that it executes the bond. It is not otherwise bound and it is obligated by that alone.

In *Winfield* v. *Neall, Trustee,* 60 W. Va. 106, 54 S. E. 47, it was held that under our statute an appeal from a decree of a circuit court to this court is the beginning of a new, and not a continuation of the old, suit. That may not be true for all purposes, but the rule obtains, as in that case, where the rights of third parties intervene between the entry of the decree of the circuit court and the granting of the appeal therefrom. Is the case when brought here on appeal a new suit or is it a continuance of the old so far as it respects cost incurred here? If it is a continuance of the old suit, then since the next friend gave bond for the costs incurred by the defendants in that suit, the surety on the bond would be liable for the costs, whether incurred in the circuit court or in this court. We think the case of *Bailey* v. *Mc-Cormick,* 22 W. Va. 95, is decisive. In that case the plaintiff, Jacob B. McCormick, brought a suit in equity. His non-residence being suggested, he was required to give bond for costs, which was accordingly executed on his behalf by S. P. McCormick and Lewis Haymond. The circuit court entered a decree for the plaintiff. On appeal this court reversed the decree, dismissed the cause and decreed the defendant his costs incurred in both courts. The costs in this court were

95 W. Va.

$263.65; defendant then by motion, upon notice, in the circuit court sought to obtain judgment against the obligors on the cost bond for the costs incurred by him here. The trial court sustained a motion to quash the notice and dismissed the action. Upon writ of error, the judgment of the circuit court was affirmed, the court holding, in effect, that the appeal was a new suit.

We see no difference in principle between a bond for costs given by a non-resident plaintiff and a bond for costs given by a next friend. If the one does not cover costs incurred upon appeal from a decree of the circuit court to this court, we can see no reason why the other should. There is no difference in their terms and conditions. Where the cost bond is given on behalf of the non-resident plaintiff, the condition is that if the plaintiff shall pay all costs that may be incurred and awarded therein against him, then the bond is to be void; where given by the next friend of infant plaintiffs the condition is that if the next friend shall pay all costs that may be incurred and awarded against him as such next friend, then the bond is to be void. In harmony with *Bailey v. McCormick, supra,* we hold that the appeal from the decree in the chancery cause of Hogan and others against Ward and others was a new suit and that while the next friend is liable for the costs incurred therein by the appellants on that appeal, his surety upon the cost bond is not. That bond did not extend to and cover costs upon appeal to this court.

It is urged by counsel for plaintiffs that it is inequitable and unjust that the next friend should be permitted to obtain an erroneous decree and his bond not be liable for costs upon the appeal here. That may be true; the same is also true where any insolvent person, whether an adult individual or a corporation, who may sue without even giving bond for costs in the trial court, obtains an erroneous decree. The appellant may obtain a decree here for his costs against the insolvent plaintiff, but that is no guaranty that he can collect them. Ordinarily the trial court can not require the insolvent plaintiff to give bond for costs; it may do so where he is a non-resident, or if suit be brought by the next friend for infant plaintiffs even though they be residents; the reason for mak-

ing the next friend liable for costs, and in case of his insolvency, for requiring him to give bond for costs, is to prevent intermeddling suits. If one could bring a suit on behalf of infants without being liable for costs he might greatly annoy defendants and impede the work of the courts. But when he once obtains a decree in their favor in the trial court, thereafter, upon appeal they are no longer plaintiffs. They become the appellees and as such are defendants here. The defendant below becomes the appellant and as such is plaintiff here. He complains of the decree, which is presumed to be just and correct. There could be no more good reason under such circumstances for requiring the next friend to give bond for costs in this court upon appeal than there would be for requiring any insolvent plaintiff to give bond for such costs here, where he has obtained a favorable decree in the trial court.

The item of $302 for costs in this court being eliminated, can plaintiff recover in the present action the item of $27.35 costs incurred in the circuit court? This amount is not sufficient to give this court jurisdiction of the question; but section 12, Article 8 of the Constitution, and section 2, chapter 112, Barnes' Code, 1923, are in point.

For the foregoing reasons the judgment is affirmed.

*Affirmed.*