## CHARLESTON.

### J. F. YORK, ADMR. *v.* ERNEST MEEK *et al.*

Submitted May 6, 1924.     Decided May 13, 1924.

1. APPEAL AND ERROR—*Finding of Commissioner in Chancery Upon Which Decree Based is Not Reversed, Unless Clearly Erroneous.*

   Where a commissioner in chancery has made a finding of fact properly before him, upon which the evidence is conflicting, and his report has been approved by the circuit court and carried into a decree, the appellate court will not reverse unless it is clear that the finding of fact and the decree based thereon were erroneous. (p. 427).

2. JUDGMENT—*Costs of Appeal Proper Item of Set-off When Cause Remanded.*

   A judgment for costs in favor of an administrator who is appellant, rendered by the supreme court of appeals, for the costs of the appeal, against the appellee, is a proper item of set-off against a money claim of appellee asserted by him against the estate when the cause is remanded for further proceedings. (p. 428).

3. COSTS—*Equity Has Discretion in Awarding Costs; Equity May Defer Cost Apportionment Until Final Disposition of Cause.*

   A court of equity has discretion in awarding costs in any case pending therein; and may in its discretion defer apportionment of such costs between the litigants until the final disposition of the cause. (p. 428).

Appeal from Circuit Court, Wayne County.

Suit by J. F. York, as administrator, against Ernest Meek and others. From a decree for defendants, plaintiff appeals.

*Reversed in part. Affirmed in part. Remanded.*

*Charles W. Ferguson, Poffenbarger, Blue & Dayton* and *Harry V. Campbell,* for appellant.

*Vinson, Thompson, Meek & Renshaw,* for appellees.

LIVELY, JUDGE:

This litigation originated in a controversy between the administrator of John Y. York, deceased, and Ernest Meek, as to whether a deed executed by John Y. York and wife to Ernest Meek on May 3, 1917, conveying to the latter in fee a farm on the waters of Lost creek in Wayne county, was a

mortgage or an absolute deed. After this court had decided that particular point of the controversy in favor of York's administrator in May, 1922,—see *York, Admr.* v. *Ernest Meek,* 91 W. Va. 106, 112 S. E. 404—the lower court entered a decree declaring the deed to be a mortgage, and the cause was referred to a commissioner in chancery to ascertain the liens and priorities against the particular land and to ascertain the debts against the estate and report the assets in the hands of the administrator. The commissioner took depositions and made his report, to which York's administrator filed exceptions which were overruled, and the decree complained of was entered on May 25, 1923. The decree ascertained the liens against the land in the order of their dignity and priority; found that there was no assets in the hands of the administrator out of which the recoveries could be satisfied, and directed a sale of the land.

Appellant asserts that the decree is erroneous in that it fails to sustain his exceptions to the commissioner's report. The exceptions to the report are: (1) that the commissioner failed to charge Ernest Meek with rentals from the farm land in controversy held by him pending the litigation and failed to set off said rentals against his mortgage debt on the farm; (2) that the commissioner refused to set off against Meek's mortgage debt a claim for depreciation of the farm during the period of his occupancy thereof; (3) that the commissioner refused to set off against Meek's debt a judgment for costs recovered against him by the administrator on the appeal to this court, amounting to $350; and (4) that he failed to allow as a set off against Meek's lien debt certain costs incurred by the administrator and paid by him, arising out of the prosecution of the suit in the circuit court.

The first lien reported in favor of Meek is for taxes paid by him with interest thereon amounting in the aggregate to $233.73; the second lien is the mortgage note in Meek's favor dated May 3, 1917, the original amount of which was $3,-761.95, to which interest is added and from which two credits were subtracted, one in December, 1917, for $80, amount received on pipe line; and the other $177.66 as of October, 1919, also paid by the pipe line company for running a pipe line through the farm.

On the first two assignments of error, namely, that the commissioner should have credited the mortgage debt with the rentals and depreciation of the farm while in possession of Meek, it is sufficient to say that it appears from the evidence that after the deed of May 3, 1917, was executed by John Y. York to Meek and which was afterwards held to be a mortgage, York remained in possession of the property until his death, and a short time thereafter Meek attempted to obtain possession of the farm, claiming that his deed was absolute, and instituted a suit for possession before a justice of the peace. The administrator, and perhaps the tenant in possession, resisted the suit before the magistrate, and pending the suit the circuit court appointed receivers who took charge of the land and remained in possession and control of it until after the decision of the lower court, which was in favor of Meek, holding that his deed was not a mortgage. After that decision, and about March 1, 1921, Meek took possession and rented the land for that year to a tenant for the sum of $50; but was required to pay about that sum for repairs and improvements. It appears that during the occupancy of the farm under the receivers from 1917 until 1921 the land and houses thereon had become greatly depreciated; brush and filth had grown up on the tillable lands; the fences had gone down and were insufficient to turn stock; the buildings were greatly out of repair; and a small tenement, formerly used as a schoolhouse, of log construction and worth about $10, had been burned. Many of the witnesses say the rental value after 1921 was negligible, and the preponderance of the evidence is to the effect that the land and premises had not depreciated during the period of possession by Meek. A mortgagee in possession of a farm under cultivation should be charged with the fair rental value of the premises and not with the amount which he receives as rent, and without regard to the profit which he might make by thus using the farm. The fair rental value when ascertained is the proper sum with which he should be charged. *Copelan* v. *Sohn,* 79 W. Va. 596; *Liskey* v. *Snyder,* 56 W. Va. 610. He is also chargeable for any waste committed during his occupancy or depreciation caused by his reckless or improvident management of the property by him or his tenants. *Sibley* v.

*Garland* (Mass.) 131 N. E. 466, 27 Cyc. p. 1838. But the evidence before the commissioner preponderates in favor of Meek both as to the rental value and the lack of waste and depreciation during his occupancy. The findings of a commissioner upon questions of fact referred to him and about which there is conflicting evidence, is entitled to great weight, especially where his findings have been approved by the lower court. It must be clear that the commissioner and the lower court were wrong in the finding of fact, or the appellate court will refuse to reverse the decree. *Kelly* v. *Railway Co.,* 80 W. Va. 306, 92 S. E. 433; *Baker* v. *Jackson,* 65 W. Va. 282; *Reger* v. *O'Neal,* 33 W. Va. 159. There was no error in overruling the first two exceptions.

The third exception to the report is well taken, and it was error to overrule it. The judgment of the supreme court on the former appeal was that the decree below be set aside, reversed and annulled for error appearing therein, and it adjudged that the appellees do pay appellant his costs about the prosecution of the appeal and supersedeas expended in the supreme court. The memorandum of taxation of costs by the clerk of the supreme court shows the appellant's costs to be: to the clerk $16.60, and for printing the record $349.20, and a receipt filed by the commissioner shows that the administrator paid to the clerk of the supreme court for printing the record the sum of $350. The date of payment is not clear, but the administrator is entitled to interest on this sum paid by him from the date of payment. This judgment in favor of the administrator should have been allowed as an offset against Meek's claim together with interest from its date. An appeal from a circuit court to the supreme court of appeals is in the nature of a new suit and not a continuation of the old. *Burton* v. *Coal Co.,* 77 W. Va. 319, 328; *Wingfield* v. *Neall,* 60 W. Va. 106, 113; *Bailey* v. *McCormick,* 22 W. Va. 95, 103. It makes no difference what the final result may be, or which party may prevail when the cause is remanded. This judgment for costs would stand on equal footing with any other judgment which might be rendered in favor of the estate against Meek. The circuit court by its decree deferred action upon the awarding of costs until all the costs were fixed and adjudicated in a final order; and

it is argued by appellees that the costs of the entire proceeding, including the costs incurred in both the circuit and supreme courts should be offset against each other; it being argued that defendant Meek would be entitled to costs in the circuit court. The discretionary power which a court of equity has over costs pertains to the costs accruing in that court. Sec. 10, chap. 138, Code.

The fourth exception to the commissioner's report is not well taken. The discretion of the circuit court over the costs arising in the litigation in that court has not been exercised, and it awaits a further decree. Just what proportion of the costs which the court may require each litigant to pay has not been determined, and whatever York may have expended was not a proper offset to the debt of Meek when before the commissioner for ascertainment. It may be observed that plaintiff's bill and amended bill were for three purposes, namely; first, to have the deed of May 3, 1917, declared to be a mortgage; second, to avoid the deed as invalid for any purpose because of the mental incompetency of his decedent who signed the deed; and third, to marshall the assets, ascertain the indebtedness and settle up the estate by aid of the court. It is apparent that all of the costs of the proceeding should not be charged to Meek, although the administrator substantially prevailed upon the main issue between them. It may be suggested that it would be proper to award costs against Meek on the issue as to whether the deed was a mortgage; and to award costs against the administrator incurred in the effort to set aside the deed because of the mental incompetency of his decedent to transact business, including the costs necessary in the winding up of the estate. These are matters which fall within the discretion of the lower court, yet to be exercised.

The decree will be reversed in so far as it adjudicates that the administrator is not entitled to have his judgment for costs in the supreme court of appeals together with interest thereon credited upon the lien debt decreed in favor of Ernest Meek, and in all other respects it will be affirmed; and the cause will be remanded for the purpose of correcting the decree in the matter above indicated, and for further proceedings.

*Reversed in part. Affirmed in part. Remanded.*