# CHARLESTON.

STATE *ex rel.* MARIA MILYANIC *v.* HON. L. T. EDDY, *Special Judge, Etc.*

(No. 6426)

Submitted November 13, 1928.    Decided November 20, 1928.

*Victor H. Shaw,* for relator.
*J. V. Blair, Jr.,* for respondent.

WOODS, JUDGE:

The relator herein had previously instituted a suit for divorce in the circuit court of Marion county on the grounds of cruel and inhuman treatment and of adultery. Upon a hearing thereon an order was entered denying the relief

prayed for, dismissing the suit, and directing that the relator should pay the costs of her suit. After due notice to defendant, she again appeared before the court and moved for the entry of an order requiring defendant to pay her a sufficient and reasonable sum to enable her to make application to the appellate court for an appeal, filing in support of her motion several affidavits showing her financial inability to make such application. A plea to the jurisdiction was interposed, which was sustained by the court. Mandamus is now sought to be invoked to require the respondent to take cognizance of relator's motion for suit money and to require her husband to furnish a sufficient sum to enable her to make application for an appeal to this Court.

Turning to our statute dealing with allowances made to the wife, in a divorce proceeding, for maintenance and counsel fees, we find the following provision: "The court, at any time pending the suit, may make any order that may be proper to compel the man to pay any sum necessary for the maintenance of the woman, and to enable her to carry on the suit," etc. So far as relates to the suit in the circuit court the mandate of the statute is plain. But does it apply to a case on appeal to this Court? This Court said in *Wass* v. *Wass*, 42 W. Va. 463: "Now, while it is true that section 9 of Chapter 64 of the Code allows the court in term or the judge in vacation, during the pendency of the suit, to make any proper order to compel the man to pay any sum necessary for the maintenance of the woman, and to enable her to carry on her suit, yet nothing is said about the appellate court in said statute, and we must regard it as a matter submitted to the sound discretion of the circuit court under all of the circumstances, including the condition of the parties." In that case the discretion had been exercised by the circuit court by an allowance to the wife for counsel fees in the appellate court. This action was held not to be error. But, this is after an appeal has been granted. We have held that a writ of error or appeal prosecuted in the Supreme Court of Appeals is technically the beginning of a new suit, and not a continuation of the old one. *State* v. *Moore*, 77 W. Va. 325; *Perkins* v. *Pfalzgraff*, 60 W. Va. 121; *Wingfield* v. *Neall*, 60

W. Va. 106. As a logical sequence there is no suit pending in the appellate court until a writ of error or appeal has been allowed by the latter court. It would seem that the right of the circuit court under the strict letter of the statute to make an order to compel the man to pay a sum necessary for the wife to carry on her suit would be circumscribed by the issuance of the writ in such suit and the final decree entered therein. Adopting a like theory to the suit in the appellate court, under the decisions last cited, the action of the circuit court as to an allowance to the wife for the prosecution of her suit in the appellate court, would be bounded by the allowance of the appeal and the final order therein. This would leave a twilight zone between the rendition of the final decree in the circuit court and the allowance of the appeal in the appellate court (as to making said allowance of counsel fees and suit money) unprovided for by our statute.

The perplexity of the learned circuit judge as to whether he had jurisdiction to make such allowance in this case was warrantable in view of this unique situation. We do not believe it was the intention of the Legislature to leave this hiatus in a divorce proceeding wherein the wife would be left remediless as to money to carry her suit to the appellate court. The application of the same beneficient principles of equity that caused this Court in *Wass* v. *Wass, supra,* to extend the statute beyond its letter to embrace suits on appeal here would warrant an interpretation of the statute to the effect that the matter of an allowance to the wife for money to enable her to prepare and make proper application for an appeal from an adverse decree in a suit for divorce, to which she is a party, is submitted to the sound discretion of the circuit court under all the circumstances, including the condition of the parties. Such ruling is necessary; otherwise the wife might be denied justice for want of funds required for the vindication of her rights. We therefore so hold. Since the respondent's denial of relief was based solely on lack of jurisdiction, and he evinces no inclination to refuse to exercise any right he might have in the premises, we see no reason for a writ to compel him to act.

*Writ denied.*

LIVELY, PRESIDENT, concurring:

I concur in the denial of the writ, but do not entirely concur in the reasons given therefor. Costs and counsel fees were unknown to the common law. They are creatures of statute. Attorneys were then and are now officers of the court. The statute authorizing suit money and allowances to a wife, in terms provides, that there must be a pending suit before it can be done. There was no suit pending when application was made by the relator for suit money. The suit had been dismissed. She desired to begin a new suit by obtaining a writ from this Court, and it was for this purpose that suit money was asked. An appeal is a new suit, not a continuation of the one decided, as is well settled by the cases cited in the foregoing opinion. How can the statute be construed to apply to a suit not pending? It is said that a twilight zone has been created, and the statute should be so construed to cover this twilight zone or hiatus. If the legislature has not made provision for the wife in this statute, (which is an innovation upon the common law), for suit money where there is no suit, but one is contemplated by appeal, the courts should not legislate by construction to remedy what they might think was an oversight. The legislature may have acted advisedly to have an end of litigation. Where the language of the statute is free from ambiguity and the intent is plain, there is no occasion for interpretation by a court. "It is not allowable to interpret what has no need of interpretation." Lewis Suth. Stat. Constr., section 367; *Kelley* v. *Bowman*, 68 W. Va. 49. But should we legislate by construction to give suit money to the wife in order that she may bring her suit here? Has not the legislature already done so? Look at section 1, chapter 138 of the Code. A poor person who makes affidavit that he is pecuniarily unable to pay fees or costs on counsel fees is allowed to sue or defend in a court without suit money. I am aware that the Virginia Supreme Court has held, *per curiam,* that this section does not apply to appellate proceedings in *Tyler* v. *Garrison,* 120 Va. 697; but the statute does not confine the application of a poor person to relief to any particular court. The opinion is on the theory that the lower court had jurisdiction to entertain

the petition for suit money for an appeal, in which theory I do not concur; but even on that theory, I would concur in the holding that the circuit court has discretion to allow or refuse the allowance asked for; for it may be that the evidence on which the dismissal of the case was based, was so clear and convincing that an attempt to appeal would be futile on the part of petitioner, and vexatious to the other party.