J. FRANK SMITH *v.* STATE ROAD COMMISSION AND NORA E. KESTER

(No. 6982)

Submitted March 11, 1931. Decided March 17, 1931.

*C. H. Scott,* for relator.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent State Road Commission.

*J. M. Hoover,* for respondent Nora E. Kester.

LIVELY, JUDGE:

J. F. Smith seeks a writ of mandamus to compel the State Road Commission to pay to him the sum of $200.00 for shale averred to have been "sold and delivered" by petitioner to the commission from his land.

Mrs. Nora Kester, a respondent here, sought, through her agent, to sell to relator Smith a tract of land situate in Webster County, West Virginia; and on June 16, 1928, relator offered to purchase the land for $600.00, in payments of $200.00 cash and the balance in six and twelve months, respectively, "provided the title is O. K. and no back taxes." Mrs. Kester's attorneys prepared the deed and on June 21, 1928, forwarded it to the Bank of Cowen for delivery to relator upon his paying $200.00 and executing notes for the balance, and at the same time sent a notice to relator, who avers in his bill and petition that upon receipt of said notice, he took possession of the property, repaired the dwelling thereon and placed a tenant in it, and opened the shale bank from which he "sold and delivered to the road commission for use on the highways between the said date of June 21st and November 8th," $200.00 worth of shale. Relator avers that after he took possession his attorneys found that the title to the land was encumbered by unpaid taxes, of which fact he notified Mrs. Kester and her attorneys. It does not appear in what manner or at what time this communication was effected. From exhibits made a part of the pleadings, it

appears that Mrs. Kester's attorneys on July 5th and 26th, respectively, requested relator to advise if he would comply with his agreement to purchase, and receiving no reply, requested the bank to return the deed, which it did. On August 27, 1928, a sight draft for $200.00 was drawn by Mrs. Kester's agent on Smith, but it was not paid until November 8th, when Mrs. Kester executed a second deed which she likewise placed with the bank for relator, who, on the same day, had his attorneys prepare a deed by which Mrs. Kester would assign to him her right to recover for the shale. Mrs. Kester refused to execute the deed prepared by relator's attorney, and relator accepted Mrs. Kester's deed, dated November 8, 1928, on which date he executed notes for the balance of the purchase money, on which notes relator is still indebted to Mrs. Kester in the amount of $350.00. Smith contends that his failure to accept the original deed was due to the lien for unpaid taxes which, in his petition, he avers Mrs. Kester paid on or about November 8th. The affidavit of relator, however, states that the taxes were not paid "until Dec. 7 and Dec. 10, 1928, as shown by the receipts filed herewith." The receipts referred to show the payment of taxes assessed against J. H. M. Erwin, and there is nothing in the pleadings or affidavits which show that in 1922 and 1923 Erwin owned the land involved herein, although the deed of November 8th states that this is the same land acquired by Erwin in 1920. On the other hand, Mrs. Kester's answer denies that the property was encumbered by a tax lien in June, 1928. The State Road Commission paid Mrs. Kester $200.00 for the shale but first required of her an indemnifying bond; and since the bond is for the sole benefit of the commission, relator seeks by mandamus to recover this amount from the road commission.

The answer of the road commission denies that any contract was made with relator for the shale, and avers that its agent took the shale from said tract without contracting therefor; and upon relator's notice that he would require payment of $500.00 for the shale being taken, said agent ceased to take any more.

The writ of mandamus is issued only in those instances

where the facts presented show that petitioner has a clear legal right to the performance of the act demanded. It is not available, however, where another specific and adequate remedy exists, since the office of mandamus is not to supersede, but rather to supply the want of a legal remedy. High, Extr. Legal Remedies, 3rd Ed., sec. 188; *State* v. *County Court*, 33 W. Va. 589; *Cantrell* v. *Board*, 107 W. Va. 362, 364. Tested by these well settled legal principles, is this a proper case for mandamus? While this proceeding seeks payment directly from the road commission, it is essentially a suit against Mrs. Kester. The crux of the controversy is dependent upon a determination of relator's interest in the property from June 21st to November 8th; but such an inquiry and finding have no place in a mandamus proceeding. 38 C. J. 589. Relator has a complete, speedy, and adequate remedy at law to determine his interest in the property at the time the shale was taken. If it were conclusively shown that relator was entitled to the money for the shale, and that a judgment against Mrs. Kester would yield him naught, then the commission should be subject to mandamus. But, the answer and exhibits filed by Mrs. Kester show that relator is yet indebted to her in the amount of $350.00 on the purchase price of the property; and upon a proper showing and adjudication that relator is entitled to the $200.00, he can claim that amount as an offset against the amount due Mrs. Kester. Then, too, the dispute between relator and Mrs. Kester in the one instance, and the averment of relator and denial of the commission on the existence of the contract definitely place this proceeding in the category of doubtful cases.

We are therefore of the opinion that the writ of mandamus should be denied.

*Writ denied.*