CARRIE BEATRICE BIGGS *v.* HONORABLE FRANCIS P. MOATS,
*Judge.*

(No. 8366)

Submitted January 8, 1936. Decided January 21, 1936.

*T. M. McIntire,* for relator.
*R. E. Bills* and *C. M. Hanna,* for respondent.

MAXWELL, JUDGE:

This is a proceeding in mandamus involving a suit money allowance to a woman to enable her to prosecute in this Court an appeal from an adverse decree in respect of alimony, entered in a divorce case.

The relator, Carrie Beatrice Biggs, and Charles Jefferson Biggs were husband and wife. In a divorce suit instituted by her in the circuit court of Wood County she was decreed, January 14, 1932, a divorce from her husband from the bond of matrimony. In the same decree, she was awarded monthly alimony of $75.00, later reduced by the court to $50.00.

In June, 1934, the alimony payments ceased. On August 28, 1935, following a court hearing on her motion to compel payment of delinquent installments of alimony,

the court cancelled the alimony, including past due installments and future installments. From this action of the trial court, the plaintiff was awarded an appeal by this Court, October 14, 1935.

On November 8, 1935, on motion of the relator, the circuit court ordered Charles Jefferson Biggs to pay her the sum of $263.00 for the necessary costs and expenses of her said appeal to this Court. The initial portion of said allowance was to be paid in an installment of $100.00 not later than December 8, 1935. Biggs having failed to make this payment, the relator filed in the circuit court a petition for a rule in contempt against him. A hearing on said petition was held before the court the next day, and, after taking the matter under advisement, the court, on December 24th, at a special term, entered a decree setting aside and rescinding the aforesaid decree of November 8th, resulting in there being no provision for the relator for the costs and expenses of her appeal.

On the 31st of December, 1934, on motion of the relator, this Court awarded a rule in mandamus against the respondent, the Honorable Francis P. Moats, Judge of the said circuit court, to show cause why there should not be a peremptory writ of mandamus requiring him to vacate the decree of December 24th and to enforce compliance on the part of Charles Jefferson Biggs with the decree of November 8, 1935.

If the order entered the 8th of November requiring Charles Jefferson Biggs to pay the sum of $263.00 to the relator for costs and expenses of her said appeal was a final decree as to that phase of the case, the judge of the court, under the circumstances, had no authority to revoke the same after the adjournment of the term at which it was entered. *Vencill* v. *Vencill,* 103 W. Va. 708, 138 S. E. 731. The term adjourned December 3, 1935. Ordinarily, a decree is considered final in the sense that it disposes of the subject of the controversy—a disposal of the litigated matter on its merits. At the time of the entry of the decree of November 8th, the only question before the court in the said cause was whether there should be an allowance to the woman for the purposes of

her appeal; such question constituted the merits of the controversy as the situation then stood; all other matters in the case had theretofore been disposed of by the court. On the phase of the case then before it, the court's action was conclusive and final. Though, under statute, a trial court has continuing jurisdiction of matters of alimony and maintenance (Acts of the Legislature, Regular Session, 1933, chapter 27; Code Supp. 1933, 48-2-15a), we have no such statute with respect to allowances for suit money.

It is true that a trial court is vested with discretion in respect of the question of allowance of suit money to a woman in order that she may prosecute an appeal from an adverse decree in a divorce case. *State ex rel. Milyanic* v. *Eddy, Judge,* 106 W. Va. 370, 145 S. E. 643. But such discretion is, of course, a sound, judicial discretion, reviewable. Also, such discretion must be exercised when the matter is "within the breast of the court," and not be attempted at a time subsequent to an initial exercise of discretion on the identical matter, effectuated by entry of decree and crystallized by adjournment of the term of court at which such action was taken.

"When the decree is not void, nor such as may be corrected in the lower court by bill of review or original bill, appeal is the only remedy. Subject to the right of review upon appeal in such case everything decided expressly or by necessary implication is *res judicata* and cannot be disturbed or altered by a subsequent decree." *Snyder* v. *Construction Co.,* 52 W. Va. 655, 44 S. E. 250, 251. In the light of this well settled rule, the above mentioned decree of December 24, 1935, purporting to vacate the decree of November 8, 1935, was without warrant of authority and therefore wholly ineffectual.

Consequently, the decree of November 8th remains in full force and effect. There should be requirement of compliance therewith by Charles Jefferson Biggs. The judge of the circuit court having refused to enforce said decree, it is proper that by mandamus from this Court he be required so to do. *Miller* v. *Baer, Judge,* 114 W. Va. 566, 172 S. E. 612.

Therefore, in conformity with the prayer of the petition, we award a peremptory writ of mandamus requiring the respondent to vacate the said decree of December 24, 1935, and to enforce the decree of November 8, 1935.

*Writ awarded.*