RALPH CROUCH *v.* HON. D. M. EASLEY, *Judge, etc.*

(No. 8641)

Submitted September 2, 1937. Decided September 7, 1937.

*Carl C. Sanders* and *Ned H. Ragland*, for petitioner.
*Clarence W. Meadows* and *W. H. McGinnis*, for respondents.

HATCHER, JUDGE:

This is an original proceeding in prohibition.

In 1932, Grace M. Crouch was granted a divorce *a vinculo* from petitioner, Ralph Crouch, and was given the custody of their minor child. In 1937, Ralph, upon petition and hearing in the circuit court which granted the divorce, was awarded the conditional custody of the child. Mrs. Crouch desiring to appeal from that award, the court ordered Ralph to pay the costs of the appeal, including her attorney's fee. In the instant proceeding, the petitioner seeks to have prohibited the enforcement of those payments.

The procedure in divorce suits in this state is largely statutory. Portions of the statutes applicable to this controversy follow: Code 48-2-13. "The court * * * may at any time after commencement of the suit and reasonable notice to the man make any order that may be proper to compel the man to pay any sum necessary for the maintenance of the woman, and to enable her to carry on or defend the suit in the trial court and on appeal should one be taken * * *." Code 48-2-15, as amended by Acts 1935, Chapter 35. "Upon decreeing a divorce, the court may make such further decree, as it shall deem expedient * * * concerning the * * * custody * * * of the minor children * * *; and the court may also from time to time afterward, on the petition of either of the parties * * * alter such decree concerning the * * * custody * * * of the children, and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require."

The latter part of 48-2-15 provides specifically that in case a divorce or annulment is denied and the parents are living apart from each other, "the court shall retain jurisdiction of the case for the purpose of determining with which of the parents the children or any of them may remain." Petitioner contends that inasmuch as *the retention of jurisdiction* is expressly mentioned only in connection with suits where the divorce or annulment is denied, jurisdiction is retained only in such suits; that while the court, under Code 48-2-13, may require the husband, during the pendency of a divorce suit, to pay suit money to the wife, that after a decree *a vinculo* becomes a finality, the court's authority ceases to require further payments of the man; and that the application to change the custody of the child introduced a new cause, between separated parties, and is not a continuation of the original divorce suit. The respondents contend that after the parents are divorced, the continuing jurisdiction over the children given the court by 48-2-15 continues the discretional authority of the court under 48-2-13, to allow suit money to the woman.

We are of opinion that the portion of 48-2-15 applying to suits where a divorce or an annulment is granted,

which authorizes subsequent changes in the custody of children, *ipso facto*, reserves in the court entering the decree jurisdiction of the parties for the purposes of the statute. In a divorce suit which does not involve minor children, maintenance or property rights, a decree of divorce *a vinculo* terminates the suit because the marital relation is the only subject before the court. But in a divorce suit which also involves the custody of minor children, the parental relation is likewise before the court, and is a component part of the litigation. In such suit, the decree of separation from the bonds of matrimony is final as to marital rights; but since the order therein disposing of the children may afterwards, under the express provision of 48-2-15 be altered "from time to time", the order is not necessarily final in that respect. Consequently, the suit may be re-opened on a matter affecting the children until such time as the parental rights and duties shall expire. And an application to change the custody of the children is not an independent proceeding, "but simply a proceeding supplementary or auxiliary to an action in which certain matters theretofore determined are by the very terms of the statute, subject to modification." *Franklin* v. *Bonner*, 201 Iowa 516, 207 N. W. 778. This holding is accordant with that of other states having statutes similar to ours, and also follows the tenor of our own decisions. See *Kendall* v. *Kendall*, 5 Kan. App. 688, 48 P. 940; *Karren* v. *Karren*, 25 Utah 87, 69 P. 465, 60 L. R. A. 294, 95 Am. St. Rep. 815; *Bedolfe* v. *Bedolfe*, 71 Wash. 60, 127 P. 594; *Wald* v. *Wald*, 168 Mo. App. 377, 151 S. W. 786; *Franklin* v. *Bonner*, *supra*; *Maxwell* v. *Maxwell*, 67 W. Va. 119, 67 S. E. 379, 27 L. R. A. (N. S.) 712; *Milyanic* v. *Eddy*, 106 W. Va. 370, 145 S. E. 643; *Biggs* v. *Moats*, 117 W. Va. 14, 183 S. E. 603. When the suit is reopened and the custody of the child taken from the mother, the circuit court has discretional authority under 48-2-13 to order the man to pay the costs of the woman's appeal.

The petition is dismissed.

*Petition dismissed.*