STATE OF WEST VIRGINIA, AT THE RELATION OF MYRTLE COOPER

*v.*

CHARLES L. GARVIN, JR., JUDGE OF THE CIRCUIT COURT, NICHOLAS COUNTY, WEST VIRGINIA

(No. 10672)

Submitted April 13, 1954. Decided May 18, 1954.

*Ned H. Ragland, W. Hayes Pettry,* for relator.

*Wolverton and Callaghan,* for respondent.

LOVINS, JUDGE:

Myrtle Cooper, by this original proceeding in mandamus, seeks a writ of mandamus to require the Honor-

able Charles L. Garvin, Jr., Judge of the Circuit Court of Nicholas County, West Virginia, to allow her suit money, costs, counsel fees, support and maintenance.

A final decree of divorce has been rendered, as hereinafter stated. The plaintiff alleges that she has a bona fide intention to prosecute an appeal to this Court. The petition also prays for a writ of mandamus to require her former husband to surrender and deliver possession of certain property to the relator.

Myrtle Cooper and Clifford J. Cooper were formerly husband and wife. She instituted a suit praying for a divorce or annulment of their marriage, on the ground of cruelty. The husband filed an answer and cross bill in which he prayed for a divorce. After a prolonged hearing, the Circuit Court of Nicholas County denied the relator the relief prayed for by her and granted Clifford J. Cooper a divorce on the ground of adultery, and likewise granted to the former husband an undivided one-half interest in certain real estate and personal property, having the approximate value of $25,000.00.

The legal title to the real estate and personal property seems to have been in the name of the relator and it is indicated that she placed a lien thereon, amounting to $13,000.00.

The divorce decree pronounced by the Circuit Court of Nicholas County decreed that the property was held by the relator and her former husband as tenants in common, discharged the interest of the husband from the lien placed thereon by the relator, and required the relator to make and deliver a deed of conveyance, conveying a one-half undivided interest in the real estate and a bill of sale for the one-half undivided interest in the personal property. It was decreed that upon failure of the relator to make such deed of conveyance and bill of sale, a special commissioner appointed by the court was to execute such deed and bill of sale, and that the relator may have possession of her interest in the real estate and personal prop-

erty on the basis of a tenancy in common. The relator made application for immediate and exclusive possession of the real estate and personal property, which was denied. Also, the court refused to compel an accounting by the husband, as prayed for by the relator.

It seems that the property of the relator and her former husband is now being used in a restaurant and soft drink business, located near Summersville, West Virginia. Relator asserts that her former husband is receiving profits amounting to approximately $200.00 per month.

It was decreed by the trial court in the divorce suit that the relator and her former husband should pay their own attorney fees and one-half of the cost.

Several motions were made during the pendency of the divorce suit by the relator for suit money, costs and temporary alimony, which were denied.

The proceedings, had after the divorce decree was pronounced, giving rise to this proceeding, were initiated by a notice served upon the former husband, after the rendition of the divorce decree, to the effect that the relator would move the Circuit Court of Nicholas County for entry of a decree allowing her "reasonable and sufficient sums for her support and maintenance during the further pendency of this cause, in this Court and on appeal, from the final decree to be entered herein in accordance with the Court's announced conclusions as set forth in its January 30, 1954, letter to Brooks B. Callahan, and for sums sufficient to employ counsel to seek and prosecute such appeal, and sums sufficient to pay the costs of making up a proper record, paying the Court Reporter, the Clerk and all other costs reasonable, proper and necessary to the seeking and prosecution of an appeal * * *".

The Circuit Court of Nicholas County heard oral testimony in support of that motion on or about February 27, 1954. The relator testified in support of her motion that she intended to seek an appeal from the final divorce

decree, that she had no money with which to prosecute such an appeal and had no income with which to pay the costs, counsel fees, and no income at this time with which she could employ an attorney. She further testified that her husband is making approximately $200.00 per month out of the business formerly conducted by them; and that she had no income. Her testimony shows however, that her husband had paid her $225.00, $50.00 of which was paid on September 22, 1953. Relator also testified that she had no assets of any kind except her interest in the business formerly conducted by her and her former husband; that it would cost her $40.00 per month to provide herself with food; $12.00 per week for room rent and $30.00 per month to provide herself with clothing. She gave as her opinion that such amounts were reasonable. It was developed in the hearing that relator had purchased an automobile and was paying $58.10 per month as deferred payments on the purchase price of the automobile and $10.00 per month for insurance on the automobile. The official court reporter testified that in accordance with his estimate, it would cost $750.00 to transcribe the record of the divorce suit.

Counsel for the former husband relied upon the original record in the divorce suit and insisted that it be given full consideration in determining the merits of this suit. After the conclusion of the hearing on the motion, the Circuit Court of Nicholas County, on the 5th day of March, 1954, denied relator an allowance for payment of the costs of the transcript of the record, any sum with which to pay counsel fees, and likewise, any allowance to provide for her support and maintenance. In the same decree, the Circuit Court of Nicholas County refused to require the former husband to vacate the real estate and render an accounting to the relator.

The defendant in this proceeding demurred to the petition upon the grounds that mandamus is not the proper remedy and that it is discretionary with the trial court whether such motions of the relator should be granted. The defendant also answered that the original record of

the divorce suit shows that the relator was guilty of adultery; that she had encumbered the real estate and personal property hereinabove mentioned with a lien amounting to $13,000.00; that she had purchased a new automobile; that she lived in an apartment in the City of Charleston; that she had left her employment and had also left her husband without reason; that it would be inequitable to require the former husband to pay the sums demanded by the relator. It is averred in the answers that an appeal and not mandamus is the proper remedy; that the allowances requested by the relator is discretionary with the trial court; and that the relator has an adequate remedy by appeal.

Relator demurred to defendant's answer and replied specially. The replication in effect denied the right of defendant in this proceeding to consider the record in the divorce proceeding in passing upon the application for support, maintenance, counsel fees, costs and suit money. The replication further avers that relator is remediless, except by a writ of mandamus; that relator is without funds and cannot avail herself of an appeal because of her penurious condition.

Relator demurred to the defendant's answers and filed a written notice to strike the defendant's demurrer to her petition in this proceeding.

The prayer of the petition in this proceeding to review the disposition of the real and personal property is not appropriate. Mandamus will not be utilized as a substitute for an appeal or writ of error. *State* v. *County Court*, 33 W. Va. 589, 11 S. E. 72. See *Barnes* v. *Warth*, 124 W. Va. 773, 776, 22 S. E. 2d 547; *Smith* v. *Road Com.*, 110 W. Va. 296, 299, 158 S. E. 163.

The jurisdiction of a circuit court sitting in equity to make a disposition of property will be found in Chapter 70, Article 2, Section 15, Acts of the Legislature, 1953, Regular Session, reading in part as follows: "* * * For the purpose of making effectual any order or decree provided for in this section the court, or judge thereof in vacation, may

make any order or decree concerning the estate of the parties, or either of them, as it shall deem expedient."

The Circuit Court of Nicholas County having jurisdiction to dispose of the real and personal property of the relator and her former husband, we will not review the same by mandamus, and therefore, we express no opinion upon the legality of the disposition made by such Court in the final divorce decree.

When we come to the question of monetary allowances applied for by the relator, a different question is presented. Generally, in other jurisdictions, the awarding of such allowances is discretionary with the trial court. See *Mapes* v. *Mapes* (Wash.) 167 P. 2d 405; *Tenny* v. *Tenny* (Fla.) 3 So. 2d 375; *Wood* v. *Wood* (Mich.) 284 N. W. 627; *Tumini* v. *Tumini* (Pa.) 28 A. 2d 357; *Cline* v. *Cline* (Cal. App.) 23 P. 2d 431; *Elies* v. *Elies* (Wisc.) 300 N. W. 493; *Brong* v. *Brong* (Pa.) 195 A. 439; *Butler* v. *Butler* (N. C.) 39 S. E. 2d 745. In the *Butler* case, it is further held that the discretion is not absolutely in the trial court, but should be exercised within certain limits, "* * * and with respect to factual conditions." In support of the general rule above mentioned, see Madden on Persons and Domestic Relations, Sections 97, 98; Schouler Divorce Manual, Section 224, et seq.; 1 Nelson Divorce and Annulment, Second Edition, Section 12, page 435; 27 C. J. S., Divorce, Section 220.

In this jurisdiction, the pertinent statute reads as though it may be directory, but grants a trial court the right and power to allow "* * * any sum necessary for the maintenance of the woman, and to enable her to carry on or defend the suit in the trial court and *on appeal should one be taken, * * *.*" [emphasis supplied] West Virginia Code 48-2-13. This Court has no original jurisdiction to make an award of suit money and maintenance, but a circuit court does have jurisdiction to do so during the pendency of an appeal from such court to this Court. *Maxwell* v. *Maxwell*, 67 W. Va. 119, 67 S. E. 379; *Wass* v. *Wass*, 42 W. Va. 460, 26 S. E. 440. The first point of the

syllabus in *Wass* v. *Wass, supra,* reads as follows: "The question as to the amount of alimony *pendente lite* which shall be allowed the wife in a suit brought against her by her husband for divorce is one addressed to the sound discretion of the court under all the circumstances of the case, and the condition of the parties must also be taken into consideration."

A wife though owning property is not required to invade the corpus of her estate in order to provide for support and maintenance and to prosecute or defend a divorce suit. *Kittle* v. *Kittle,* 86 W. Va. 46, 102 S. E. 799. This Court enunciated the applicable principle in the body of the opinion in the case of *State* v. *Maxwell, Judge,* 89 W. Va. 31, 34, 108 S. E. 418, "The only remaining question is whether mandamus is available to compel the trial court to make the *allowances.* The refusal of the right would of course become cognizable by appeal; but as we said in *People's Bank* v. *Burdette, Judge,* 69 W. Va. 369, 372, 71 S. E. 399, 401: 'we do not deny an extraordinary remedy in a proper case, merely because the party may avail himself of another remedy. * * * The slow process of appellate review is not adequate to the vindication or enforcement of absolute rights such as the one involved here.' In Alabama the exact point was decided in favor of plaintiff's right to mandamus in such cases as this. *Ex parte King,* 27 Ala. 387. The doctrine of this and other Alabama cases has been questioned by Mr. High, Extraordinary Legal Remedies, (3rd ed.), §186. But we put our decision in this case on the broad ground of want of adequate remedy by any other process, appellate or otherwise. How could a married woman so circumstanced carry on her suit in the lower court or appellate court without money? To deny her allowance of suit money and money for support pending suit would be in most cases to deny her the relief to which she is entitled. As in suits for divorce, the *merits of the case* [emphasis supplied] have nothing to do with her right to money to maintain her suit and for support pending the suit."

In the case of *State* v. *Eddy,* 106 W. Va. 370, 145 S. E. 643,

this Court held that the allowance to a wife "* * * to enable her to pay counsel fees and prepare the record for the making of an application for an appeal from an adverse decree in suit for divorce, to which she is a party, is addressed to the sound discretion of the circuit court under all the circumstances, including the condition of the parties." The case of *State* v. *Eddy, supra,* seems to be contrary to the *Maxwell* case, although a reading of the *Eddy* case will disclose that the real reason for denial of the writ in that case appears in the last sentence of the opinion, reading as follows: "* * * Since the respondent's denial of relief was based solely on lack of jurisdiction, and he evinces no inclination to refuse to exercise any right he might have in the premises, we see no reason for a writ to compel him to act." The revisors' note appended to Code, 48-2-13, shows that the words " 'in the trial court and on appeal, should one be taken' " are new. Therefore, the hiatus discussed in the *Eddy* case and in existence at the time the *Eddy* case was decided have been obviated by the new words in the statute. Moreover, the syllabus in the *Eddy* case is not fully supported by the statements in the opinion.

Though the statement in the syllabus of the *Eddy* case seems to follow the rule in other jurisdictions hereinabove mentioned, the practice in this state has been, and is otherwise. The *Maxwell* case is supported by later opinions of this Court, particularly in the case of *Biggs* v. *Moats,* 117 W. Va. 14, 183 S. E. 603, which holds that mandamus may be awarded to compel a trial chancellor to enforce a decree awarding suit money to a female litigant in a divorce suit.

In *State* v. *Isbell,* 108 W. Va. 104, 150 S. E. 377, this Court held that upon refusal of a trial court to make an allowance such as that prayed for by relator here, that mandamus would lie to compel the allowance in reasonable and proper amounts. It is the duty of a trial court to make an allowance to a wife on her application for money to prosecute her suit and for her maintenance during the

litigation. *Hatfield* v. *Hatfield,* 109 W. Va. 212, 153 S. E. 493. See *Finnegan* v. *Arnold,* 133 W. Va. 221, 55 S. E. 2d 399.

Notwithstanding the seeming conflict in the *Eddy* and *Maxwell* cases, we think this proceeding presents a situation in which the trial court had no discretion relative to granting the allowances prayed for by the relator, but does have discretion as to the amounts of such allowances.

There is no real dispute of her oral testimony taken in support of her motion and while the merits of the divorce suit may be such as to cause a court to incline to a denial of the application of an erring spouse who makes application for allowance such as here, we do not consider the merits of the original divorce suit in passing on such motion. Further litigation may result in harassment and vexation of the former husband of the relator, but she is entitled to seek an appeal to this Court. We have no basis for questioning her good faith in appealing to this Court. She has the undoubted right to apply for such appeal and if granted, to have the final decree pronounced in the divorce case completely reviewed.

We are mindful that this Court will not award mandamus to direct a trial court in the manner in which such courts should exercise its discretion. *Buxton* v. *O'Brien,* 97 W. Va. 343, 125 S. E. 154. See *Miller* v. *County Court,* 34 W. Va. 285, 12 S. E. 702; *Gas Co.* v. *DeBerry,* 130 W. Va. 418, 43 S. E. 2d 408.

We are aware that no suit is pending at this time. The final decree in the divorce suit has been entered and no appeal has been granted by this Court. An appeal is a separate suit from the one originally brought in Nicholas County. *Wingfield* v. *Neal, Trustee,* 60 W. Va. 106, 54 S. E. 47. See *Pulp & Paper Co.* v. *Cooper,* 87 W. Va. 781, 793, 106 S. E. 55; *State* v. *Lewis Oxley,* 95 W. Va. 160, 162, 120 S. E. 383; *York* v. *Meek,* 96 W. Va. 427, 430, 123 S. E. 225; *State* v. *Eddy, supra.* Nevertheless, on referring to Code, 48-2-13 hereinabove quoted, we rely on the language of

the statute emphasized in the quotation permitting the allowance of the trial court on appeal, should one be taken.

What we have stated calls for the allowance of a writ of mandamus directed to the defendant, the Honorable Charles L. Garvin, Jr., Judge of the Circuit Court of Nicholas County, requiring him to make allowances prayed for by the relator, for the purpose set forth in her petition, but, we do not require the said defendant to make the allowances in the amounts prayed for by her, the amounts of such allowances lying in the discretion of the Trial Judge. The only requirement as to the amounts is that they shall be reasonable, having regard to the income and estate of the former husband.

The writ prayed for with reference to the disposition of the property is denied, but the writ, as stated above, will be, and is hereby awarded.

*Writit awarded.*